**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **KIMBERLY A. HUDSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-2573-EFM |
| ) | |
| **CALIE SMITH, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## **MEMORANDUM AND ORDER**

Plaintiff's deposition was taken on May 22, 2009 and plaintiff designated the entire deposition as "Confidential" pursuant to the terms of an agreed protective order. (Doc. 29). This matter is before the court on defendants' motion to set aside the protective order with respect to certain deposition testimony. (Doc. 56). For the reasons set forth below, the motion shall be GRANTED.

### **Background**

This is a § 1983 action for excessive force, unlawful arrest, false imprisonment and malicious prosecution. Highly summarized, plaintiff alleges that Olathe police officers used excessive force when they shot her in the chest and that the City of Olathe failed to properly train its officers. Defendants deny the claims and contend that (1) plaintiff was shot when she confronted the officers with a knife and (2) under the circumstances, excessive force was

not used.[1]

In a separate but factually related criminal proceeding, the Johnson County District Attorney filed various charges against plaintiff related to her confrontation with the police on the night in question. For reasons that have not been fully explained, three criminal trials have been held and plaintiff apparently will be tried a fourth time on the charges.[2] Plaintiff testified in her own defense at the three trials.

## Defendants' Motion

The agreed protective order in this case (Doc. 29) permits a party to limit the disclosure of deposition testimony by designating testimony "confidential" and, as noted above, plaintiff designated her entire deposition as "confidential." Defendants move to "set aside" the protective order for testimony related to the underlying event (the confrontation between the officers and plaintiff) giving rise to this lawsuit, arguing that plaintiff has not shown "good cause" for limiting the disclosure of such testimony. As explained in greater detail below, the court agrees.

The agreed protective order in issue is one which is frequently approved by the

---

[1] The pleadings and discovery responses contain detailed references to alcohol abuse, mental illness, and suicide. Because the details of the parties' allegations are unnecessary to a ruling on the pending motion only a highly summarized explanation is provided.

[2] Apparently, a new trial was granted after a guilty verdict in one trial and jurors were unable to reach a verdict in two of the trials.

undersigned in cases where the parties anticipate the disclosure of sensitive personal, business, or medical information. Rather than submit every piece of sensitive information to the court for consideration and ruling, the parties agree to designate as "confidential" the sensitive information they desire to protect. The information is then provided with the understanding that the opposing party will "protect" the disclosed "confidential" information. This court approves such orders because the agreed protective order expedites the disclosure of information between the parties. However, implicit in the granting of such an order is the right to lift or modify the protective order if the court determines that the information a party designates as "confidential" does not warrant a protective order.

The court has reviewed the portions of the deposition for which defendants seek to lift the protective order and finds that plaintiff's testimony is not "sensitive," confidential, embarrassing, or oppressive; therefore, a protective order is not warranted. The testimony in issue is simply plaintiff's factual description of events leading up to and including her confrontation with the police officers on the night in question. Moreover, plaintiff has testified about these events in three previous criminal trials. Under the circumstances, the agreed protective order and its limitations concerning disclosure should be lifted with respect to the portions of plaintiff's deposition testimony identified in Exhibit 1, Doc. 57-2.

**IT IS THEREFORE ORDERED** that defendants' motion to set aside the protective order **(Doc. 56)** is **GRANTED**, consistent with the rulings set forth herein.

Dated at Wichita, Kansas this 7th day of August 2009.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge